FILED'11 AUG 05 14:34 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | | |
|---|---|---|
| A.J. BREDBERG, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-6072-HO |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SOIL SCIENCE SOCIETY OF AMERICA, | ) | |
| a Wisconsin Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this action alleging breach of contract,
breach of the covenant of good faith and fair dealing, negligent
misrepresentation, tortious interference with economic relations,
invasion of privacy, and intentional infliction of emotional
distress.   Plaintiff is a member of defendant organization, the
Soil Science Society of America.  The defendant organization, as a
service to its members, conducts investigations of complaints
regarding the organization's code of ethics.  The claims in this

case arise out of plaintiff's ethics complaint against a fellow member of defendant organization.

Plaintiff asserts that Kathy Verble was involved in incorrectly determining hydric soil conditions at a property in Lebanon, Oregon.   Verble asserted a counter complaint with defendant that plaintiff alleges was designed to adversely affect plaintiff's reputation and credibility by falsely portraying him as a fraud and a liar.   Plaintiff contends that defendant failed to determine if his complaint warranted an investigation, failed to require Verble to respond in a timely manner, and failed to determine that Verble had violated the code of ethics, among other things.   Plaintiff, a Washington resident, originally filed this action in Washington, but the case was dismissed for lack of jurisdiction over defendant, a Wisconsin corporation.

Defendant now moves to dismiss contending this court lacks jurisdiction over it.

There is no applicable federal statute governing personal jurisdiction in this diversity case, thus the law of Oregon applies.   Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).   The law of the State of Oregon permits a court to exercise jurisdiction over any party so long as "prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." Or.R.Civ.P. 4 L.   Thus, the long-arm statute of the State

2 - ORDER

of Oregon is coextensive with the limits of federal due process. Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990). Plaintiff bears the burden of demonstrating personal jurisdiction. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 817 n. 10 (9th Cir. 1988). Plaintiff need only make a prima facie showing of jurisdictional facts. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). In such cases, the court only inquires whether plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995). Although plaintiff cannot simply rest on the bare allegations of his complaint, Amba Marketing Systems, Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977), uncontroverted allegations in the complaint must be taken as true. See AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

When the activities of a defendant within the State of Oregon are "continuous and systematic" or "substantial," a court may exercise general personal jurisdiction over that defendant without offending notions of due process. See Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987).

The genesis of this case is the development of some land in Lebanon, Oregon by plaintiff's client. Verble, a wetland specialist with the State of Oregon's Division of State lands, conducted a soil study and determined that the soil was not

3 - ORDER

suitable for development. Three years later, plaintiff instituted the ethics complaint with defendant against Verble.

Defendant convened a committee to review the complaint and supporting materials, request additional materials, reviewed the credentials for those involved and reached a determination.   No committee member visited the land in Oregon.   Defendant did the same with Verble's complaint. Ultimately, the committee determined that Verble committed no violation, but that plaintiff had committed violations and required plaintiff to take continuing education courses in ethics in order to maintain his credentials with defendant.

Defendant is devoted to the promotion of the soil sciences and maintains its offices in Wisconsin. Defendant has a certification program whereby individuals like plaintiff contact defendant in Wisconsin to request a test. Defendant notifies someone in the applicant's geographic area to proctor the test and the tests are sent to Wisconsin for grading. Neither members nor those certified by defendant are authorized to act on behalf of defendant.

Defendant has not held any meetings or conventions in Oregon for at least the last ten years. Plaintiff points to an "attempt" by defendant to work with an Oregon Department of Land conservation in promulgating rules regarding soil assessment, an invitation to a new program manager for defendant to attend an Oregon Society of Soil Scientists conference in Oregon in 2011 (as well as an

4 - ORDER

invitation to publish an article in an Oregon newsletter) as evidence of substantial contacts with Oregon. Defendant's contacts with Oregon as well as solicitation to Oregon residents to join are insufficient to create general jurisdiction. Defendant has thousands of members world-wide and, as noted, members have no authority to act on behalf of defendant. Cf. Graziose v. American Home Products Corp., 161 F.Supp.2d 1149, 1153 (D.Nev. 2001) (occasional conference attendance, public service collaberation and lobbying activities are insufficient to create general jurisdiction). In this case, the defendant lacks sufficient contacts with the State of Oregon for the court to exercise general jurisdiction over it. Therefore, the court must examine whether it may exercise limited personal jurisdiction over defendant.

Oregon courts use a three-part test for determining when limited jurisdiction may be exercised over defendants: 1) the nonresident defendants must have purposefully availed themselves of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claims must arise out of or result from the defendants' forum-related activities; and 3) exercise of jurisdiction must be reasonable. Roth v. Garcia Marquez, 942 F.2d 617, 620-21 (9th Cir. 1991).

## A.   Purposefully Availed

Purposeful availment analysis examines whether defendant's contacts with the forum are attributable to its actions or are solely the actions of plaintiff.   In order to have purposefully availed itself of conducting activities in the forum, defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state. Roth, 942 F.2d at 621.   In the case of a tort claim, exercise of jurisdiction over a defendant whose only contact with the forum state is the purposeful direction of a foreign act having effect in the forum state is proper.   Haisten v. Grass Valley Medical Reimbursement Fund, 784 F.2d 1392, 1397 (9th Cir. 1986).

To meet the effects test, defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendants know is likely to be suffered in the forum state.   See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998).   Express aiming is met when defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendants know to be a resident of the forum state.   Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000).

The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result

6 - ORDER

of "random," "fortuitous," or "attenuated" contacts or of the "unilateral activity of another party or a third person. See Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985).

Here, plaintiff is a Washington resident. The only way Oregon is involved is the fact that plaintiff initiated a complaint against an Oregon resident. Defendant's involvement in the dispute was limited to a determination of whether its code of conduct had been violated and did not involve any assessment of whether the land in Oregon was fit for development. Theoretically, plaintiff could be harmed in Oregon, in that he has at least one client in Oregon, but defendant did not direct its action to Oregon. Plaintiff initiated the contact and invited whatever limited effect defendant's actions may have had in Oregon, but the brunt of the effects, if any, must be felt in Washington where plaintiff resides. Moreover, there is insufficient demonstration that defendant knew the effects would be suffered in Oregon to the extent any harm has been suffered in Oregon. The contact with Oregon is attenuated at best.

## B. Claim Arising from Forum-Related Activities

As noted above, plaintiff fails to show that the alleged improprieties arose from activities in Oregon. Defendant's activities related to this case took place in Wisconsin. Defendant played no role in the underlying soil tests in Oregon, and

conducted no investigation in Oregon. The location of the acts that allegedly give rise to an ethics violation under defendant's code plays no role in the determination of whether such violation occurred. At its heart, plaintiff's complaint attacks defendant's failure to abide by its own rules, and that alleged failure did not take place in Oregon. Accordingly, plaintiff fails to demonstrate this prong as well.

## C.   Reasonableness

Even if plaintiff presents a prima facie case that the defendants purposefully availed itself of the privilege of conducting activities in Oregon, and that the claims in the complaint, at least in part, arise out of these forum-related activities, the burden shifts to defendant to present a "compelling case" that the exercise of personal jurisdiction would be unreasonable. Roth, 942 F.2d at 625. The court weighs seven factors to determine whether the exercise of jurisdiction is reasonable: (1) the extent of the defendant's purposeful interjection into the affairs of the forum state; (2) the burden on the defendant; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the interest of the forum in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the interest of the plaintiff in convenient and effective relief; and (7) the existence of an

8 - ORDER

alternative forum. See Roth, 942 F.2d at 623; Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1198-99 (9th Cir. 1988).

As noted above, plaintiff instigated the actions that had an attenuated impact in Oregon. Given that not even plaintiff is an Oregon resident, the burden to require defendant to litigate in Oregon for its actions in Wisconsin is substantial. Oregon has little to no interest in adjudicating this dispute involving application of rules developed and applied in Wisconsin. Given that plaintiff initiated the actions in dispute by seeking defendant's involvement in Wisconsin, judicial resolution in that state is more efficient especially in light of the fact that neither party resides in Oregon. Finally, venue is appropriate in Wisconsin. Accordingly, defendant's motion to dismiss for lack of jurisdiction is granted.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (#9) is granted and this action is dismissed.

DATED this ⎽⎽⎽⎽⎽ day of August, 2011.

United States District Judge

9 - ORDER